## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Beal*, 7:20cv006 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

### ORDER

This Order addresses the parties' respective motions in limine in Plaintiff James Beal's case. *See* ECF Nos. 98, 101.

**A.     Defendants' Motions**

**1.     Testimony that Beal does not complain**

**DENIED**, consistent with prior rulings, which are incorporated by reference. *See Wilkerson*, ECF No. 116 at 3; *Sloan*, 7:20cv001, ECF No. 109 at 2-3.  In every bellwether trial to date, Defendants have made some variation of an argument that the absence of reports of auditory symptoms in a plaintiff's military and/or medical records demonstrates that the plaintiff does not, or did not, actually experience auditory symptoms.  If Defendants intend to do the same in Beal's case, then it is fair game for Plaintiffs to explore the reasons why he did not complain.  Beal, himself, may explain why he delayed reporting auditory symptoms to health care providers or superiors.  Moreover, as in prior trials, experts may testify—based on

personal knowledge, clinical experience, and/or the scientific literature—about veterans' hesitancy to report injuries during and after their military careers. Finally, assuming a proper foundation is laid at trial, Beal's wife and brother may describe their personal observations of Beal struggling with hearing loss, tinnitus and/or related problems, and not complaining.

### 2.      Irrelevant testimony from Dr. Spankovich

**GRANTED**, as to testimony about Dr. Spankovich's father's service in the NYPD, although the Court does not view Dr. Spankovich's brief contextual comment on the issue at the Vilsmeyer trial as improper bolstering of his expert opinion, and it is not even remotely analogous to Dr. LaBorde's testimony regarding her personal experience with hearing aids and the impact of her own hearing impairments on her daily life.  *See In re 3M*, 3:19md2885, ECF No. 2845 at 31.

**DENIED**, to the extent Defendants seek a broader admonition against "irrelevant" or "unfairly prejudicial" testimony from Dr. Spankovich.  Objections to specific testimony may be properly raised at trial.

### 3.      Net Worth and Financial Condition (3M Preservation MIL #5)

**DEFER RULING**.  This motion will be resolved by separate order.

B.    **Plaintiffs' Motions**

1.    **VA C&P process and materials (Beal MIL #1)**

The rules regarding the use of VA C&P materials in bellwether trials should require little explication at this point.  Evidence regarding documents related solely to VA C&P applications, disability benefits questionnaires, and benefits determinations is generally inadmissible, consistent with the Court's prior rulings on the issue, which are incorporated by reference.  *See, e.g.*, *Montero*, 7:20cv067, ECF No. 78 at 2.  Statements not authored by Beal are also inadmissible, consistent with prior rulings.[1]  *See id.*; *see also Wilkerson*, 7:20cv035, ECF No. 116 at 11-12.  The handwritten responses on all sections of Beal's VA C&P application, including "Part B: Compensation," constitute plaintiff-authored statements.[2]  *See* ECF No. 101-10 at 9-11.

Audiometric test data and the results of certain objective tests conducted by or for the VA may be cited and discussed by experts who relied on the tests in reaching their respective opinions.  *Id*. at 10.  However, the tests themselves will not be admitted into evidence, no VA personnel or contractors may testify about the tests

---

[1] This ruling applies to exclude all of the statements identified on Defendants' Appendix A, ECF No. 108-1, with the exception of the March 7, 2018 Transcript of Hearing (which is addressed elsewhere in this Order), and all of the "Non-Plaintiff-Authored Statements in C&P Exam" referenced in Plaintiffs' brief, ECF No. 101-59 at 2.

[2] Beal is free to testify that he did not author certain statements; however, the statements on his signed application for C&P benefits are properly attributable to him for admissibility and/or impeachment purposes.  *See* Fed. R. Evid. 801(d)(2).

or the agencies' administrative decisions, and no reference to the VA C&P process will be permitted.  *Id*.  The Court's rulings as to specific VA C&P testing materials identified as disputed in the parties' briefing are provided below.

| Plaintiffs' Proffered Materials | | |
|---|---|---|
| **Document** | **Highlighted Statements** | **Rulings** |
| **C&P Exam Note (Audio) (May 5, 2009), PX7, ECF No. 101-8 & D2, ECF No. 108-3** | Comments on medical records, p. 2 | Inadmissible (examiner's subjective commentary) |
| | Measured pure-tone threshold values, speech recognition scores, and tympanometry results, p. 3 | Permissible with experts |
| | Diagnostic assessments of otoscopy, pure-tone results, and word recognition, p. 3 | Inadmissible (examiner's subjective conclusions) |
| | Answers to highlighted C&P questions, p. 4 | Inadmissible (not objective test results) |
| **Review PTSD DBQ (Sept. 9, 2020), PX8, ECF No. 101-9** | Behavioral Observation ("He did not appear to have difficulty hearing or understanding my normal volume."), p. 7 | Inadmissible (not objective test results) |
| **C&P Exam Note (TBI) (June 11, 2009), PX10, ECF No. 101-11 & D1, ECF No. 108-2** | Severity and comments on initial injury, p. 4 | Inadmissible (not objective test results) |
| | Rinne, Weber, and Whisper Voice Test results, p. 7 | Permissible with experts |
| | Summary of problems, diagnosis, and functional effects (TBI), p. 10 | Inadmissible (examiner's subjective conclusions) |
| **C&P Exam Note (Mental Health) (May 5, 2009), PX16, 101-17 & D4, ECF No. 108-5** | Past Medical History, p. 3 | Inadmissible (examiner's summary of medical history) |

The use of plaintiff-authored statements to the VA for impeachment purposes will depend on Beal's testimony at trial.  Both sides have identified statements from

the VA C&P materials that require rulings, which are provided below.  The rules for use of a statement in this manner are unchanged from prior bellwether trials.  If Beal does not deny making a statement, then Defendants may not use the statement at all.  *See id*. at 10-11.  However, if Beal denies making a statement or does not remember it, Defendants will be permitted to use the statement solely for impeachment purposes.  *See id*. at 11.  Should Beal open the door to impeachment by contradiction, Defendants may only use the single specific statement(s) on the applicable VA form and the additional information indicated below.  All other information must be redacted, and the context must be referred to only as a prior statement to a health care professional for the VA.  No other information from the form, and no information about Beal's VA claim, is relevant for impeachment.  This does not open the door to any and all potential impeachment information in any VA disability record, for any case.  For Beal's case, the only such information that the Court will consider for impeachment purposes are the materials identified below.  Defendants are precluded from citing additional materials from the VA C&P records at trial.  Additionally, Defendants are on notice that, even with redactions, use of the below exhibits may open the door to testimony from Beal explaining the broader context of the statements on redirect, which will be accompanied by a limiting instruction from the Court regarding the VA benefits process.

The Court's rulings on specific statements proffered by Plaintiffs are as follows:

| Document | Highlighted Statements | Rulings |
|---|---|---|
| **C&P Application (March 24, 2009), PX9, ECF No. 101-10** | Questions 6a-6c (asbestos), p. 10 | Inadmissible, based on the Court's ruling on Beal's MIL #5 |
| | Questions 9a-9c (environmental hazards), p. 10 | Same as above |
| | Question 1-4b (hearing loss and tinnitus), p. 11 | Impeachment only.  Must redact all other information on the application except the header ("Department of Veterans Affairs"), name, signature, and date blocks |
| | Question 1-4b (sleeping disorder) | Impeachment only.  Must redact all other information on the application except the header ("Department of Veterans Affairs"), name, signature, and date blocks |
| | Question 1-4b (anxiety/depression disorder) | Inadmissible, based on the Court's ruling on Beal's MIL #10 |
| | Question 1-4b (TBI) | Impeachment only.  Must redact all other information on the application except the header ("Department of Veterans Affairs"), name, signature, and date blocks |

The Court's rulings on specific statements proffered by Defendants are as follows:

| Highlighted Statements | Rulings |
|---|---|
| C&P Examination Note (TBI) (June 11, 2009), D1, ECF No. 108-2 | Inadmissible (not plaintiff-authored) |
| C&P Examination Note (Audio) (May 5, 2009), ECF No. 108-3, D2, ECF No. 108-3 | Inadmissible (not plaintiff-authored) |
| C&P Examination Note (Mental Health) (May 5, 2009), D4, ECF No. 108-5 | Inadmissible (not plaintiff-authored) |

| | |
|---|---|
| VA Appeal Hearing Transcript, ECF No. 108-6 | Inadmissible.  Fed. R. Evid. 401-403.  Beal's statements during the appeal hearing on the reduction of his PTSD disability rating are only nominally relevant here, if at all, because he has withdrawn his claim of PTSD exacerbation.  Moreover, much of the testimony about PTSD symptoms present a substantial risk of unfair prejudice and misleading the jury, and there is no way to divorce the appeal proceeding from the C&P context within which it occurred. |
| Review PTSD DBQ (June 16, 2013), D6, ECF No. 108-7 | Inadmissible (not plaintiff-authored) |
| Review PTSD DBQ (Oct. 9, 2017), D7, ECF No. 108-8 | Inadmissible (not plaintiff-authored) |
| C&P Neuropsychological Consult Note (June 25, 2009), D35, ECF No. 108-36 | Inadmissible (not plaintiff-authored) |
| Review PTSD DBQ (Sept. 9, 2020), D36, ECF No. 108-37 | Inadmissible (not plaintiff-authored) |

## 2. Physical, non-auditory injuries (Beal MIL #3)

**GRANTED**, as to the physical, non-auditory conditions listed in Beal's motion, with the exception of back and joint pain.

**DENIED**, as to general evidence that sleep apnea/shortness of breath and/or joint/back pain impact Beal's sleep.  Defendants' experts did not offer independent opinions or analyses of the cause of Beal's alleged sleep problems; however, they did note that Beal's medical records reference factors other than tinnitus that impact his sleep.  *See, e.g.*, Crawford Rep., ECF No. 90-4 at 12 (PTSD), *id*. at 15 (shortness of breath); Flamme-Stephenson Rep., ECF No. 90-6 at 39 (chronic pain and breathing problems).  Consistent with similar rulings in prior bellwether cases,

which are incorporated by reference here, Defendants may not discuss the details of Beal's chronic pain and/or breathing issues, as that would waste time, cause undue delay, and confuse the issues. *See Kelley*, 7:20cv153, ECF No. 132 at 1-2 (citing Fed. R. Evid. 403).

### 3. Improper character evidence and irrelevant personal problems (Beal MIL #4)

**GRANTED**, as to domestic violence, physical altercations, parenting guidance or classes, and sleeping while driving. *See* Fed. R. Evid. 401, 403, 404; *see also Palanki*, 3:19cv2324, ECF No. 66 at 2; *Stelling*, 7:20cv143, ECF No. 80 at 5.

**DEFERRED TO TRIAL**, as to anger issues/management. Beal's anger management issues *might* become relevant depending on how he describes their interaction with his auditory injuries at trial. The admissibility of evidence or argument related to this issue will be determined by Judge Rosenberg in the context of the full evidentiary record. However, the parties should understand that because Beal is claiming only garden-variety irritation and frustration in this case, general testimony that he "get[s] tired of . . . the fuzziness and the ringing and the buzzing" (and/or that it "irrit[ates] or "aggravates" him), *see* Beal Dep., ECF No. 101-19 at 26, will not open the door to evidence or argument related to his history of (and treatment for) "violent anger." Defendants must seek leave of court outside the presence of the jury before introducing any such evidence.

### 4. Non-ototoxic exposures (Beal MIL #5)

**GRANTED**.  Evidence and argument related to burn pits, JP8 fuel, dust-off fuel, and other chemical exposures is excluded on relevance, reliability, and helpfulness grounds.  *See, e.g.*, *Wilkerson*, 7:20cv035, ECF No. 116; *Vilsmeyer*, 7:20cv113.

### 5. Alcohol, tobacco, and non-ototoxic drugs (Beal MIL #6)

**GRANTED**, as to tobacco use.  Defendants have never demonstrated a scientifically reliable evidentiary basis for their assertion that tobacco can cause hearing loss or tinnitus.

**GRANTED**, as to evidence or argument that Beal's alcohol use is or could be a contributing cause of his alleged hearing injuries, or that it caused or contributed to mental anguish and/or garden-variety stress in the past.  *See* Fed. R. Evid. 403; *see also Stelling*, 7:20cv143, ECF No. 80 at 3.

**GRANTED**, as to all medications and/or other drugs not previously found to be ototoxic by the Court, including opioids/opiates and unspecified "pain killers." *See In re 3M*, 3:19md2885, ECF No. 1330; *see also* Fed. R. Evid. 403.

### 6. Beal's financial condition or motive (Beal MIL #8)

**GRANTED,** as to evidence or argument regarding past or current salary/income information, unemployment benefits, and tax records, given that Beal is not pursuing wage-loss claims.  *See* Fed. R. Evid. 401-403.

**DENIED**, as to portions of records showing dates and job descriptions for employment involving civilian noise exposures, and portions of employment records referencing Beal's auditory injuries. **GRANTED**, as to all other employment records, including records related to safety/background checks, employment reviews/skill assessments, reasons why Beal left particular positions, and characterizations of Beal's employment history as "job hopping." *See id.*

**GRANTED**, as to financial need or motive. **DEFERRED TO TRIAL**, as to inquiry or argument about general stress or disagreements about finances. The propriety of inquiry/argument of this nature will be determined by Judge Rosenberg in the context of the full evidentiary record at trial. However, if Beal opens the door to inquiry about financial stressors, Defendants will not be permitted to probe into the specifics of Beal's financial condition at various times (e.g., lived with his parents), or to suggest in any way that alleged financial stressors impugn his credibility or that he is malingering and/or exaggerating his injuries for financial gain.[3]

### 7.    Beal's Article 15 (Beal MIL #9)

**GRANTED**. *See* Fed. R. Evid. 401-403.

---

[3] This includes any reference to the provider's comments in the VA Screening Note dated June 7, 2019 regarding the reduction in Beal's disability rating in 2019 and his subsequent pursuit of reinstatement to his original disability rating. *See, e.g.*, VA Record dated June 7, 2019, ECF No. 108-20 at 3, 7.

8.      **Mental health, PTSD, suicide attempt (Beal MIL #10)**

**GRANTED**.  Beal alleges only garden-variety mental anguish and stress in connection with his claims.  Consistent with prior bellwether trials, he may describe the garden-variety mental health and emotional symptoms he allegedly experiences as a result of his hearing loss and tinnitus without opening the door to evidence or argument regarding his formally mental health diagnoses, including PTSD, anxiety, and depression, and the suicide attempt.

9.      **Relationship with daughter and her mother (Beal MIL #12)**

**GRANTED**.  *See* Fed. R. Evid. 403; *see also In re 3M*, 3:19md2885, ECF No. 1716 at 23.

10.     **Arrest (Beal MIL #13)**

**GRANTED**, as unopposed.

11.     **Personal-use evidence from Causey and McGuire (Beal MIL #14)**

**GRANTED**.  No lay witness may testify about their personal use of HPDs (or lack thereof) and any resulting injuries (or lack thereof), their own assumptions about and/or anecdotal experiences with auditory symptoms resulting from noise exposure, or family members or other service members' reported experiences with hearing loss and/or tinnitus.  *See* Fed. R. Evid. 401-403, 602, 701.  Steven Causey

(Beal's brother) and Todd McGuire (Beal's former squad leader) may, of course, describe relevant factual matters about which they have personal knowledge.[4]

### 12.   Statistics and generalizations about hearing injuries in the military and general population (Beal MIL #15)

**DENIED**, as to brief background testimony that tinnitus is a relatively "common" condition, and describing the different types (intermittent v. constant) and severity (non-bothersome v. debilitating) of tinnitus.

**GRANTED**, as to statistics and all other sweeping generalizations about auditory injuries and/or symptoms without a reliably supported and properly disclosed scientific basis.[5]

**GRANTED**, as to evidence or argument about military rates of hearing loss and average hearing thresholds of Army veterans, or testimony measuring Beal's hearing loss against the "average Army data."[6]   Evidence or argument of this nature

---

[4] For example, Causey may describe his hunting and shooting experiences with Beal over the years, including the related noise exposure and whether he observed Beal wearing HPDs, and McGuire may testify about noise exposures at the locations where he and Beal were stationed together in Hawaii and Iraq.

[5] *See, e.g.*, Crawford Rep. (Beale), ECF No. 101-36 at 7 ("95% of people with tinnitus . . . have no significant problem with their tinnitus."); Jones-LaBorde Rep. (Beale), ECF No. 101-39 ("[O]ver 45 million Americans have tinnitus[.]").   The Court once again notes that the diagnostic reliability of noise-induced tinnitus opinions—whether general or case-specific—has never been challenged in this litigation.  *See* Order (Hidden Hearing Loss), 3:19md2885, ECF No. 1933 at 14-15 n.27.

[6] *See, e.g.*, Sloan-Wayman Tr. (LaBorde), ECF No. 101-56.

is irrelevant, unhelpful, misleading, and substantially more prejudicial than probative.

**13.   Central Auditory Processing Disorder (Beal MIL #16)**

**DEFER RULING**.  This motion will be resolved by separate order.

**14.   Head trauma caused hearing loss (Beal MIL #17)**

**DEFER RULING**.  This motion will be resolved by separate order.

**15.   Cost of VA care (Beal MIL #18)**

**GRANTED**, as unopposed.

**16.   Malingering or intoxication causing variable or unreliable audiograms (Beal MIL #19)**

**GRANTED**, as to intoxication and/or expert testimony concerning Beal's credibility.  *See United States v. Beasley*, 72 F.3d 1518, 1528 (11th Cir. 1996) ("Expert . . . testimony concerning the truthfulness or credibility of a witness is generally inadmissible because it invades the jury's province to make credibility determinations.").   Defendants are also precluded from offering evidence or argument regarding performance and/or symptom validity tests, as there is no evidence that their experts conducted or relied on any such tests in connection with their opinions in Beal's case.  **GRANTED**, regarding reference to or suggestion that Beal is malingering and/or exaggerating injuries for secondary gain or monetary purposes, including, again, any argument or implication that Beal's financial condition impacts his credibility.

**DENIED**, to the extent Plaintiffs seek to preclude Defendants' experts from testifying that there are "multiple [potential] explanations" for variability in audiograms, which may include malingering, *see* LaBorde Dep., ECF No. 108-35 at 5, or to preclude Defendants from arguing credibility issues based on the evidence admitted at trial (e.g., using the evidence to argue that Beal's injuries are less severe than he claims).

**SO ORDERED**, on this 20th day of April, 2022.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**