'UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION | Case No. 3:19md2885 |
| This Document Relates to: *Beal*, 7:20cv006 | Judge M. Casey Rodgers Magistrate Judge Gary R. Jones |

# ORDER

This Order addresses the parties' remaining motions in limine in Plaintiff James Beal's case. *See* Order, ECF No. 130.

## A.     Net Worth (3M Preservation MIL #5)

In their general preservation motion for Beal's case, *see* ECF No. 97 at 2, Defendants moved to preserve a motion in limine ruling from the first bellwether trial excluding evidence of their financial condition, including their net worth, *see* ECF No. 1716 at 5-7. *See also Sloan*, 7:20cv001, ECF No. 119. Plaintiffs challenge only the aspect of the prior ruling that would preclude evidence of financial condition and net worth. More specifically, Plaintiffs seek an order confirming that evidence of Defendants' net worth is admissible in Beal's case under Hawaii law, and that net worth evidence is not cumulative of other financial condition evidence (e.g., revenues, profits, profit margins).[1]

---

[1] Defendants submitted no authority or argument to the contrary. Rather, in an email with Plaintiffs' counsel about this issue, Defendants stated that they had no "blanket opposition" to a net worth stipulation but were "not in a position to commit to" one at that time (although they have done so in other bellwether trials where financial condition evidence was admissible). *See* ECF No. 104-

Plaintiffs' request is **GRANTED,** and Defendants' preservation motion is **DENIED** with respect to financial condition and net worth evidence. In Hawaii, evidence of a defendant's financial condition is relevant to a jury's determination of punitive damages. *See Howell v. Assoc. Hotels, Ltd.*, 40 Haw. 492, 501 (1954) ("The measure of exemplary damages should be the degree of malice, oppression, or gross negligence which forms the basis for the award and the amount of money required to punish the defendant, considering his financial condition."). This includes both net worth or "reputed wealth" evidence, *see Romero v. Hariri*, 911 P.2d 85, 93 (1996), and other evidence that may provide "a complete financial picture" to the jury in assessing what amount is necessary to punish the defendant and deter the defendant and others, *Vollert v. Summa Corp.*, 389 F. Supp. 1348, 1351-52 (D. Haw. 1975). Applying this authority in Beal's case, evidence of Defendants' net worth is admissible at trial, and net worth evidence is not cumulative of other types of financial condition evidence, like revenues, profits, and profit margins.[2] This is not to say that financial condition information will not become cumulative, depending on the extent of the evidence introduced at trial. However, the law is clear that net worth evidence differs from revenue, profit, and profit margin evidence, and none is *per se* cumulative of the other.

---

2 at 2. They also stated that they would have a cumulativeness objection if Plaintiffs introduced both a net worth stipulation and additional evidence of net worth and financial condition at trial. *See id*.

[2] The Court's prior rulings regarding revenue, profit, and profit margin evidence have not been challenged.

B.     **Central Auditory Processing Disorder (Beal MIL #16)**

**GRANTED**, consistent with the Court's exclusion of the proposed expert testimony regarding central auditory processing disorder on reliability, helpfulness, relevance, and 403 grounds.  *See* ECF No. 142 at 13-14, 22-23.

C.     **Head Trauma Caused Hearing Loss (Beal MIL #17)**

**GRANTED IN PART and DENIED IN PART**, consistent with, and subject to the limitations set forth in, the Court's ruling on the reliability of Defendants' experts' opinions related to head trauma.  *See id*. at 12-13, 16-17, 22.

**SO ORDERED**, on this 28th day of April, 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**