UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*Beal*, Case No. 7:20-cv-00006 | Case No. 3:19-md-2885<br><br>Judge M. Casey Rodgers<br>Magistrate Judge Gary R. Jones |

## **VERDICT FORM**

We, the jury, in the above entitled and numbered case, unanimously find as follows on Plaintiff James Beal's claims and 3M's affirmative defense, based on the Court's instructions on the law and the evidence:

I.  Plaintiff's Claims:

(1)  Strict Liability—Design Defect

√ Proven         ___Not Proven

(2)  Strict Liability—Failure to Warn and/or Instruct

√ Proven         ___Not Proven

(3)  Negligence—Design Defect

√ Proven         ___Not Proven

(4)  Negligence—Failure to Warn and/or Instruct

√ Proven         ___Not Proven

(5)    Fraudulent Misrepresentation

   √  Proven          ___ Not Proven

(6)    Fraudulent Concealment

   √  Proven          ___ Not Proven

(7)    Negligent Misrepresentation

   √  Proven          ___ Not Proven

*If you have found any claim proven—claims (1), (2), (3), (4), and (7) by a preponderance of the evidence and claims (5) and (6) by clear and convincing evidence—proceed to Section II (3M's Affirmative Defense). But if you found only claim (5) and/or (6) proven, you should skip Section II (3M's Affirmative Defense) and proceed to Section III (Compensatory Damages), then skip Section IV (Apportionment of Fault).*

*If you have not found any claim above proven, your deliberations are complete, and you should have the Foreperson sign and date the Verdict Form.*

II.    <u>3M's Affirmative Defense:</u>

(1)    Comparative Negligence:
       (strict liability and negligence claims only)

   (a)  Mr. Beal

   ___ Proven   √ Not Proven

*If you have found affirmative defense (1)(a) not proven by a preponderance of the evidence, you should proceed to Section III (Compensatory Damages), then skip Section IV (Apportionment of Fault).*

2

*If you have found affirmative defense (1)(a) proven by a preponderance of the evidence, you should proceed to Section III (Compensatory Damages), then complete Section IV (Apportionment of Fault). In determining Compensatory Damages in Section III, you should not make any reduction in the amount of damages you award based on the fault, if any, of Mr. Beal. The Court in entering judgment will take into account your allocation of fault among all persons or entities who you find contributed to Mr. Beal's damages.*

III. <u>Compensatory Damages:</u>

If you have found in favor of Mr. Beal on any of his claims, state the total compensatory damages, if any, you find:

$ __5,000,000__

IV. <u>Apportionment of Fault:</u>
(strict liability and negligence claims only)

If you have found any of the persons or entities listed below was at fault and thereby caused or contributed to Mr. Beal's injuries, then it is necessary for you to determine the percentage of fault that should be apportioned to each. If you find no fault, then you should place a "0" by that name. Your allocation of fault must equal 100%.

    3M                            _____%

    Mr. Beal                 _____%

*If you awarded compensatory damages to Mr. Beal, you should consider his claim for punitive damages. If you did not award compensatory damages, your deliberations are complete, and the Foreperson should sign and date this Verdict Form.*

3

V.  **Punitive Damages:**

√ Proven      ___ Not Proven

*If you found punitive damages not proven, your deliberations are complete, and you should have the Foreperson sign and date the Verdict Form.*

*If you found punitive damages proven by clear and convincing evidence, please state the amount of punitive damages imposed:*

$ 72,500,000

*Your deliberations are now complete, and you should have the Foreperson sign and date this Verdict Form.*

SO SAY WE ALL, this 20th day of May, 2022.

Foreperson's Signature

4